IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTOPHER CHASE SPENCER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-06-500-C |
| | ) | |
| (1) JEFF LANDRITH, in his official | ) | |
| capacity as MAYOR OF CITY OF | ) | |
| MUSTANG, a political subdivision of | ) | |
| Oklahoma; (2) MONTE L. JAMES, in his | ) | |
| official capacity as CHIEF OF POLICE of | ) | |
| the CITY OF MUSTANG POLICE | ) | |
| DEPARTMENT; (3) CAMIE McNEIL, in | ) | |
| her official capacity; (4) KIRK | ) | |
| DICKERSON, in his individual and | ) | |
| official capacities; (5) CLIFF DACUS, in | ) | |
| his individual and official capacities; and | ) | |
| (6) TERRY DWAYNE TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Following the Court's grant of summary judgment for Defendants[1] (Order, Dkt. No.

119) and entry of judgment in this case (J., Dkt. No.120), Defendants filed a motion for

recovery of attorney's fees and interest.  (<u>See</u> Defs.' Mot., Dkt. No. 124.)  Plaintiff has filed

objections to the allowance of attorney's fees (<u>see</u> Pl.'s Resp., Dkt. No. 135), and this matter

is now at issue.

---

[1] Defendant Terry Taylor has proceeded pro se throughout this case and did not join the
motion for attorney's fees; references to "Defendants" herein refer only to Defendants Landrith,
James, McNeil, Dickerson, and Dacus unless otherwise specified.

By the time that this case reached summary judgment determination, several of Plaintiff's claims had been either dismissed or abandoned, but the majority survived two motions to dismiss by Defendants. Defendants ultimately were granted summary judgment on Plaintiff's 42 U.S.C. § 1983 constitutional claims that Plaintiff was arrested without probable cause and that he was denied proper medical care. (See Order at 18.) The Court declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims of negligent hiring, retention, and supervision; false imprisonment; false arrest; assault and battery; and intentional and negligent infliction of emotional distress. These claims were dismissed without prejudice. (See id. at 7-8, 17-18.)

Defendants, as the prevailing party in this matter, seek recovery of attorney's fees pursuant to 42 U.S.C. § 1988(b).[2] In § 1988(b) cases, "[a] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978) (noting that the plaintiff's action must be "meritless" in the sense that it is groundless or without foundation, although there is no requirement of subjective bad faith on the part of the plaintiff). As expressed by the Tenth Circuit:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing defendant in a civil rights action may recover attorney fees only if the suit was

_____

[2] This statute provides that "[i]n any action or proceeding to enforce a provision of . . . [§] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b).

vexatious, frivolous, or brought to harass or embarrass the defendant.  This is a difficult standard to meet, to the point that rarely will a case be sufficiently frivolous to justify imposing attorney fees on the plaintiff.  The dismissal of claims at the summary judgment stage does not automatically meet this stringent standard.

Mitchell v. City of Moore, Okla., 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and internal quotation marks omitted).

In support of their position that Plaintiff's case was frivolous, unreasonable, or groundless, or that it became so during the course of the litigation, Defendants make three arguments.[3]  First, Defendants argue that Plaintiff lacked a good faith basis to maintain a cause of action for arrest without probable cause.  (See Defs.' Mot. at 9-11.)  Defendants compare the facts of this case to those of Prochaska v. Marcoux, in which the Tenth Circuit Court of Appeals reversed the denial of attorney's fees for the defendant, a wildlife conservation officer, who was granted summary judgment in the plaintiff's civil rights action.  632 F.2d 848, 849-50 (10th Cir. 1980).  In Prochaska, the officer observed the plaintiff operating his boat without a current registration sticker and decided to visually examine it.  Id. at 849.  Upon examination, the officer issued a citation because the plaintiff additionally did not have proper safety equipment, although the charge of operating the boat without proper registration ultimately was dismissed.  The plaintiff originally refused to sign the

---

[3] Counsel for both parties additionally refer to their own fractious relationship during the course of this case.  (See Defs.' Mot. at 2-5 & n.2; Pl.'s Resp. at 4-5.)  While disputes and miscommunication between counsel may result in increased legal expenses, Defendants' apparent argument that Plaintiff's claims were frivolous because Plaintiff's counsel failed to litigate them diligently and amicably must fail.  Neither attorney discord nor attorney ineffectiveness renders Plaintiff's action meritless under the standard of Christiansburg.

safety equipment citation but did so after he was placed under arrest.  Id.  The plaintiff later was tried and convicted of operating his vessel without proper and adequate safety equipment, and he then filed a civil rights action against the officer.  The plaintiff's allegations included claims of lack of probable cause and unreasonable search and seizure. Id. at 850.  The Tenth Circuit affirmed the district court's grant of summary judgment to the officer and reversed the denial of the officer's attorney's fees, because it determined that the plaintiff's claim clearly was frivolous, groundless, or unreasonable under the Christiansburg standard.  Id. at 854.

In granting the officer his attorney's fees, the Tenth Circuit emphasized that the plaintiff's deposition testimony "fail[ed] to establish or reinforce" his allegations, as the plaintiff acknowledged in this testimony that he did not have the proper safety equipment on board and that the officer did not actually enter his boat.  See id.  The Tenth Circuit also noted that plaintiff failed to demonstrate that the officer knowingly, intentionally, and maliciously disregarded his rights.  See id.  Essentially, the plaintiff admitted via his deposition that he had committed one of the crimes which the officer had investigated. Defendants claim that Plaintiff in this case, as in Prochaska, acknowledged that there was probable cause for his arrest because Plaintiff admitted that on the night he was arrested he had red, watery, bloodshot eyes and it was possible that his speech was slurred, he was a little unsteady on his feet, and someone could have smelled alcohol on him.  (See Defs.' Mot. at 10-11 (citing Order at 11).)  Such testimony does not, however, amount to a concession that Defendants had probable cause to arrest Plaintiff.  Unlike the plaintiff in Prochaska, Plaintiff

4

never admitted that he actually had committed the crime, i.e., driving under the influence of alcohol as a minor, although he testified that he could understand what Defendants might have perceived.  (See Order at 13.)  Plaintiff continued to deny committing the alleged offense, and his deposition testimony does not establish that his allegation of arrest without probable cause was frivolous, unreasonable, or groundless, or that it became so as discovery progressed.

Next, Defendants argue that attorney's fees are warranted on account of Plaintiff's bringing claims against Landrith, James, and McNeil.  The Court granted summary judgment to these Defendants in part because Plaintiff failed to allege or establish that any of these three individuals personally participated in any alleged constitutional deprivations.  (See id. at 9.)  Thus, Defendants argue that Plaintiff should have, at a minimum, dismissed Landrith, James, and McNeil from the lawsuit.  (See Defs.' Mot. at 11-12.)  However, this argument ignores Plaintiff's theory, rejected by the Court, that the City of Mustang had an unlawful custom of allowing Defendant Taylor to use excessive force and of failing to arrest Taylor. (See Order at 9; Pl.'s Resp. at 8.)  Had Plaintiff been able to prove such a theory, Defendants Landrith, James, and/or McNeil potentially would have been held liable even if they did not personally participate in Plaintiff's arrest.  In addition, Plaintiff's state law claims, though ultimately dismissed, alleged unlawful acts by these three individuals.  (See Pl.'s Resp. at 8; Pl.'s Am. Compl., Dkt. No. 51, at 7-13.)  Therefore, Plaintiff's failure to dismiss these individuals from the lawsuit does not render his claims meritless nor justify the award of attorney's fees under § 1988(b).

Finally, Defendants assert that it was "patently frivolous" for Plaintiff to pursue certain of his state law claims, because the statute of limitations had expired.  (See Defs.' Mot. at 13-14.)  Plaintiff counters that his state law claims were timely filed due to the tolling provision within a different state statute.  (See Pl.'s Resp. at 7; see also Pl.'s Resp. to Mot. for Summ. J., Dkt. No. 102, at 11-12.)  These state law claims were dismissed at summary judgment, so it was not necessary for the Court to determine their timeliness.  Because Plaintiff has presented a plausible, supported argument that his state law claims were timely and has legitimately attempted to distinguish the law cited by Defendants, the Court cannot agree with Defendants that Plaintiff's refusal to abandon these claims was patently frivolous or that attorney's fees are appropriate on this basis.

Overall, Plaintiff's claims, while not sufficient to warrant him relief, were not so baseless that the Court can label them frivolous or vexatious.  Although the Court ultimately found against Plaintiff, Plaintiff legitimately attempted to distinguish the applicable law and establish a claim for relief.  The Court's grant of summary judgment for Defendants does not mean that Plaintiff brought his claims without foundation or for an improper purpose.  See Mitchell, 218 F.3d at 1203; cf. Riddle v. Egensperger, 266 F.3d 542, 551-52 (6th Cir. 2001) (discouraging "hindsight analysis" and noting that a plaintiff's loss at summary judgment does not necessarily support a conclusion that the claims were without foundation when initially filed, "especially if there are viable claims intertwined to the meritless claims").

CONCLUSION

Defendants have failed to demonstrate that Plaintiff's claims were frivolous, unreasonable, or groundless.  Defendants' motion for recovery of attorney's fees (Dkt. No. 124) is therefore DENIED.

IT IS SO ORDERED this 19th day of December, 2007.


ROBIN J. CAUTHRON
United States District Judge